IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANASSEH LEE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. 3:13-CV-1041-N-BK |
| § | |
| WELLS FARGO BANK, N.A., et al., § | |
| § | |
| *Defendants*. § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION**

This case has been referred to the undersigned for pretrial management.  Now before the Court is *Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Pursuant to Rule 12(b)(6)* [Doc. 11] and *Dallas County Defendants' Motion to Dismiss Under Rule (c)* [Doc. 12].  The motions should be **GRANTED**.

This case arises from a state forcible detainer action, subsequent to a non-judicial foreclosure sale, in which Wells Fargo Bank, N.A. was granted a Writ of Possession against Manasseh Lee for the real property located at 3331 Prancer Street, Lancaster, Texas, on July 6, 2012, by the Justice of the Peace, Precinct 1, Place 2.  [Doc. 1-26 at 1].  On July 13, 2012, Lee filed in state district court his *Application and Affidavit for Temporary Restraining Order and Permanent Injunction and Application Rescission of Forcible Entry and Detainer by Bill of Review by Bill of Rights with Writ of Right*.  *Lee v. Wells Fargo, et al*, 3:12-CV-2697-P, Doc. 1-5 (N.D. Tex 2012) ("*Lee I*").  On August 8, 2012, Defendants removed the case to this Court based on diversity jurisdiction.  *Lee I*, Doc. 1.  And on January 4, 2013, after Lee failed to amend his complaint as ordered, the Honorable Jorge A. Solis, United States District Judge, entered a final

judgment dismissing all Plaintiff's claims against all Defendants with prejudice. *Lee I,* Docs. 11-12.

On February 5, 2013, Lee filed in state district court an identical *Application and Affidavit for Temporary Restraining Order and Permanent Injunction and Application Rescission of Forcible Entry and Detainer by Bill of Review by Bill of Rights with Writ of Right*. [Doc. 1-5]. Defendants again removed the action to this Court. [Doc. 1]. In the motions to dismiss *sub judice*, Defendants assert that Plaintiff's claims are barred by the doctrine of res judicata based on Judge Solis' dismissal with prejudice of the same claims in *Lee I*. [Doc. 11 at 5-6; Doc. 12 at 2].[1] On July 25, 2013, the undersigned *sua sponte* enlarged the period for Plaintiff to respond to the motions if he was opposed. [Doc. 14]. However, to date, Plaintiff has failed to respond.

The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A court ruling on a Rule 12 motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). A court is also permitted to take judicial notice of a judgment entered in a different case for the limited

---

[1] Although the Dallas County Defendants do not explicitly argue that the claims are barred by res judicata, they note that Judge Solis previously dismissed with prejudice Plaintiff's identical claims and state:

> Lee's complaint is frivolous and malicious. These exact same claims were roundly rejected by the Court in cause number 3:12-CV-02697-P. Nonetheless, Lee filed an exact duplicate of his petition in state court in an effort to delay his eviction from the foreclosed home. His vexatious conduct in doing so strains judicial resources, drains tax dollars in defending the claims against the County Defendants, and is sanctionable. FED. R. CIV. P. 11(b)(1) & 2.

[Doc. 12 at 2].

purpose of taking as true the action of the court in entering the judgment. *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831 (5th Cir. 1998).

Federal law applies when a federal court determines the preclusive effect of a prior federal court judgment based on federal jurisdiction. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) (holding that in the absence of a federal governing statute or rule, the res judicata effect of a federal judgment is determined by federal common law). A claim is barred by federal principles of res judicata if: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The claim-preclusive effect of a prior judgment extends to all claims a plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose" that a plaintiff could have raised in the prior action. *Petro-Hunt, L.L.C. v. United States,* 365 F.3d 385, 395 (5th Cir. 2004) (citation and emphasis omitted); *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

A comparison of the pleadings in this case and *Lee I* reveals that the parties are exactly the same. As to the second factor, both cases are in courts of competent jurisdiction, namely, this Court, pursuant to diversity jurisdiction. Next, on January 4, 2013, Judge Solis entered a final judgment in *Lee I* dismissing all of Plaintiff's claims against all Defendants with prejudice. *Lee I*, Docs. 11-12. No direct appeal was taken, thus, that judgment is final. As for the fourth

and last factor, Plaintiff's claims in both cases are <u>identical</u> – page for page and word for word. Therefore, this case should be dismissed under the doctrine of res judicata.[2]

### RECOMMENDATION

*Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Pursuant to Rule 12(b)(6)* [Doc. 11] and *Dallas County Defendants' Motion to Dismiss Under Rule (c)* [Doc. 12] should be **GRANTED**, and Plaintiff's case should be **DISMISSED WITH PREJUDICE**.

**SIGNED** September 17, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Because of the conclusion reached herein, the Court does not consider Defendants' alternative arguments that even if Plaintiff's claims are not barred by res judicata, they should be dismissed under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure for failure to state a cognizable claim. [Doc. 11 at 6; Doc. 12 at 3-7].